UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALHAMAD YOUSEF PETITIONER

VERSUS CIVIL ACTION NO. 5:26-CV-52-DCB-RPM

WARDEN RESPONDENT

**REPORT AND RECOMMENDATIONS**

Before the Court is Petitioner Alhamad Yousef's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. At the time the petition was filed on February 5, 2026, Petitioner was an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi. According to the pleadings, he is a native and citizen of Syria who arrived in the United States without inspection and was detained on or around October 16, 2024. [2] at 3; [9] at 1; [9-1] at 1. On April 10, 2025, an Immigration Judge ordered Petitioner to be removed from the United States to Syria; the removal order became administratively final as both parties waived appeal. [9-1] at 1.

Upon reviewing the pleadings in this matter, this Court entered an Order on May 22, 2026, requiring Respondent to provide a status update on the efforts to remove Petitioner. [13]. Respondent filed a response on June 4, 2026, representing that a travel document was issued for Petitioner's removal and that Petitioner would be removed once Enforcement and Removal Operations was in possession of the travel document. [14] at 1; [14-1] at 1. In light of this response, it appeared to the Court that there *was* a "significant likelihood of removal in the reasonably foreseeable future." *Clark v. Martinez*, 543 U.S. 371, 378 (2005) (quoting *Zadvydas*

*v. Davis*, 533 U.S. 678, 701 (2001)).

Less than a month later, Respondent filed a Motion to Dismiss. [16]. Respondent represents that Petitioner was removed from the United States on June 22, 2026, and therefore is no longer detained at the Adams County Correctional Center or in United States Immigration and Customs Enforcement ("ICE") custody. *Id.* at 1. Indeed, according to ICE's Online Detainee Locator System, Petitioner is no longer at the Adams County Correctional Center or in ICE custody.[1] Therefore, Respondent submits that the instant petition is now moot and may be dismissed. *Id.* Petitioner has not filed a response to the motion.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted). The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).

Petitioner sought release from ICE custody; and his petition is now moot because he has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as traditionally providing "a means to seek *release* from unlawful detention"). Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and should be dismissed without

[1] The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."

prejudice as moot.

**RECOMMENDATION**

The undersigned recommends that Respondent's [16] Motion to Dismiss be GRANTED and that Petitioner Alhamad Yousef's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED without prejudice as moot.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED, this the 21st day of July 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE